[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13923
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cv-00998-PGB-TBS


JEFFREY C. ABRAMOWSKI,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 30, 2017)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jeffrey Abramowski, a Florida state prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. We issued a certificate of appealability to address whether the district court erred by denying Abramowski's claim that he was functionally denied the assistance of counsel at trial on the grounds it was untimely and procedurally barred or, in the alternative, by denying the claim as failing on the merits. Because Abramowski does not dispute that his claim is procedurally barred based on an independent and adequate state ground, we affirm.

Abramowski argues that his claim is timely, is subject to equitable tolling, and is meritorious, but we need not address these arguments because we can affirm on the alternative ground stated by the district court. Before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). If the "appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground . . . ." *Id.* The district court ruled that Abramowski defaulted his claim by raising it in a fifth state motion for postconviction relief, *see* Fla. R. 3.850, that the state court dismissed as barred by the prohibition against successive motions, *id.* 3.850(h)(2). The district court also ruled that Abramowski failed to provide

2

cause and prejudice to excuse the default. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Because Abramowski does not contest those rulings, "it follows that the [denial of his claim as procedurally defaulted] is due to be affirmed," *Sapuppo*, 739 F.3d at 680.

We **AFFIRM** the denial of Abramowski's petition for a writ of habeas corpus.